### STATE v. SWITZER.

Municipal Court, Findlay.

No. 310. Decided March 6, 1956.

R. J. Rinebolt, Asst. Solicitor, for the State.
Thomas A. Orndorff, for defendant.

### OPINION

By BOPE, J.

Defendant was arrested March 4, 1956, by the Sheriff of Hancock County upon a warrant issued by the Judge of this Court at chambers about 5 P. M. March 3rd pursuant to an affidavit of that date signed by Vivian E. Switzer, as complaining witness, charging defendant with the offense of child stealing, a felony under the laws of this state. He was admitted to bail upon his own recognizance in the sum of Five Hundred Dollars, conditioned upon his appearance before this Court, and on the 6th day of March made his appearance, when a preliminary hearing was conducted, there being no plea of guilty, defendant being present in person and with counsel, and the State being represented by the Police Prosecutor.

The following witnesses were sworn and examined on behalf of the State:

Vivian E. Switzer, 203 Ash Avenue, Findlay;

Truman Byrd, 203 Ash Avenue, Findlay;

Lola Ann Byrd, 203 Ash Avenue, Findlay;

Mildred Elizabeth Switzer, aged 11, 203 Ash Avenue, Findlay.

The complaint charges that defendant, on March 3, 1956,

"unlawfully did take, lead and carry away one Mildred Elizabeth Switzer, a child then and there being under the age of twelve years, towit: of the age of eleven years, with intent unlawfully to detain said child from Vivian E. Switzer, the mother of said child, she, the said Vivian E. Switzer, then having the lawful charge of said child," contrary to the form of the statute, §2901.33 **R. C.**

The elements of this crime, each of which, to sustain a conviction, must be proved beyond a reasonable doubt, are:

1. Taking, leading, carrying away or enticing child

2. Under age of twelve years

3. With intent unlawfully to detain or conceal child from person having lawful charge of it

4. Venue (in the County of Hancock)

According to the syllabus in the case of **Mayo v. State, 43 Oh St 567**, the intent unlawfully to detain or conceal must accompany the act of taking the child.

It appears from the testimony that the defendant, Delbert P. Switzer, and the complaining witness, Vivian E. Switzer, are husband and wife and the parents of the child. It further appears that they are living apart, and have an action for divorce pending in the Court of Common Pleas of this county, in which the wife is plaintiff and the husband is defendant, and in which that Court, on December 17, 1955, made an order requiring the defendant to make certain weekly payments for the child's support and including the following provision:

"It is further ordered that the plaintiff shall have the temporary custody and control of said minor child of the parties, with the right of reasonable visitation granted to the defendant as long as his weekly payments are made as heretofore ordered."

The complaining witness admitted on cross examination that she had been informed by the attorney representing her in the divorce suit, prior to the time of the alleged offense, that the required payments had been made, and that the defendant was coming to visit the child. It further appears from the testimony of several witnesses, which the defendant made no attempt to deny, that on March 3rd at about 1 o'clock P. M. the defendant came to the house at 203 Ash Avenue, Findlay, where the child was living with her mother, asked for the child and said he wanted to and/or was going to take her with him. The child said she did not want to go with him, whereupon the defendant picked her up, carried her, protesting, to his car and drove away. It further appears that he brought her back at about 5:30 P. M. of the same afternoon.

The Court permitted testimony, and heard argument, to the effect that the child's mother, complaining witness herein, feared for the child's safety and welfare during the time she was gone and feared that defendant would not bring her back, hence had some justification for filing

this complaint. It does not appear that the child did in fact suffer any harm or injury from this experience. And the mother testified that she did not ask the defendant what he intended to do with the child.

Now the mother's fears, though they are regrettable and though they tend to explain her action, appear to be unsupported by any other testimony adduced before the Court bearing upon the intent of the defendant. Recognizing that intent is a process of the mind, incapable of physical proof, and can only be determined from evidence of extrinsic matters, which determination is the function of the jury in our system, this Court believes nevertheless and finds that no evidence was presented from which a jury could find an intent on the part of the defendant unlawfully to detain this child from her mother. At most the evidence indicates an intention to visit with her away from the mother's presence. This may, possibly, amount to a violation of the order of the Court of Common Pleas respecting custody and visitation. If so, since that Court has full power to deal with such violations in the exercise of its plenary jurisdiction in divorce, the mother's remedy is to invoke such jurisdiction.

Finding no probable cause to believe that the offense charged in the affidavit was committed, or that the defendant committed such offense, this Court dismisses the complaint and discharges the accused.